UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>  Petitioner,<br><br>vs.<br><br>KEVIN CHAPPELL, as Warden of San Quentin<br>State Prison,<br><br>  Respondent. | Case No. 1:13-cv-0498 LJO<br><br>DEATH PENALTY CASE<br><br>ORDER DENYING MOTION TO<br>DISQUALIFY PRESIDING JUDGE |

On February 20, 2013, Petitioner Paul C. Bolin ("Bolin") filed a petition for writ of habeas corpus, pro se, pursuant to 28 U.S.C. § 2241(c)(3) and leave to proceed in forma pauperis in the United States District Court for the Northern District of California. Two days later, the Northern District Court entered an order transferring the case to this Court. While the transfer order was entered February 22, 2013 on the docket of the Northern District Court, the case was not transferred to this Court until April 4, 2013. On April 1, 2013, this Court accepted for filing Bolin's motion to disqualify the undersigned from adjudicating this case.

**I.    Case Background**

Bolin, a condemned inmate, initially commenced federal habeas proceedings regarding his conviction and sentence on March 11, 1999 by filing an application for stay of execution and appointment of counsel, plus a motion to proceed in forma pauperis. These submissions were filed by the Court under case number 1:99-cv-5279. In due time, counsel were appointed to represent Bolin and investigation of his federal claims culminated with the filing of a timely comprehensive federal petition on August 8, 2000. On the same day, with the assistance of appointed counsel, Bolin filed his first state

petition for habeas corpus relief with the California Supreme Court raising the same federal constitutional claims.  On November 28, 2000, the Court issued an order directing the Respondent Warden of San Quentin State Prison in the Federal Habeas Action (the "Warden") to show cause why abeyance of federal proceedings should not be ordered. Based on the Warden's response that he did not intend to file a return to the order to show cause, the Court ordered abeyance of federal proceedings on December 15, 2000 for the duration of exhaustion proceedings before the California Supreme Court. On December 29, 2000, Bolin (through counsel) lodged an amended petition for habeas corpus which would be deemed filed when the California Supreme Court denied his exhaustion petition. The amended petition is a 240-page pleading which alleges 32 claims and 60 sub-claims.

On January 19, 2005 the California Supreme Court summarily denied Bolin's state petition on the merits, and additionally found several claims procedurally barred for Bolin's failure to raise them in the first instance on direct appeal.   On the same day, the earlier lodged amended petition (from December 29, 2000) was deemed filed.  After a change in counsel, the Warden filed an answer and both parties commenced briefing the substantive issues in the petition.  The Court specifically directed that the issue of procedural default would not be litigated in advance of the merits of the claims presented in the petition.

On April 27, 2012, the Court entered an order granting a limited evidentiary hearing on one of Bolin's claims, having found that the claim stated a valid claim for habeas relief and that if the facts offered in support of the claim could be substantiated, Bolin would be entitled to relief.  After evaluating the Warden's motion for reconsideration, the Court entered an amended order granting an evidentiary hearing on August 21, 2012. The Warden filed a second motion for reconsideration on March 15, 2013, which the Court denied on March 21, 2013.  The evidentiary hearing is scheduled to commence on May 14, 2013.

**II.    Overview of the Pro Se Petition in this Case**

The substance of Bolin's pro se petition in this case is comprised largely of an excerpt form another document which mentions condemned inmates Theodore Shove ("Shove") and Spencer Brasure ("Brasure"), plus a handwritten declaration of Bolin.  There are 12 discernible claims in the 54-page document applicable to Bolin (nine of which also are applicable to other condemned inmates). The three

claims specific to Bolin allege: the trial prosecutor committed prosecutorial misconduct by withholding exculpatory evidence and inducing prosecution witnesses to perjure themselves; ineffective assistance of trial counsel Charles Soria for failure to prepare the case, introduce exculpatory evidence, and examine witnesses; and incompetence of Mr. Soria's investigator, Bruce Binns for his intoxication, failure to investigate, and overcharging for the tasks he did accomplish.

The claims universal to all California condemned inmates allege that the California litigation process for capital cases is illegal. The petition alleges the problems with the California procedures have been "certified" by Ninth Circuit Court of Appeals Judge Arthur Alarcón as well as by two independent commissions studying the matter. The state system is said to be illegal because of the excessive delays in adjudicating constitutional claims and because of the California Supreme Court's resort to procedural defaults, which in turn limit federal review.

**III.     Grounds for Disqualification**

Bolin's grounds for disqualification are pleaded in the petition and argued in his separate motion. The petition recites that under 28 U.S.C. § 455(a) when a judge presiding over a case is named by a party in that case as a defendant in another case, disqualification is warranted. The petition references D.C. District Court case numbers CV-09-2316-UNA "or" CV-09-0656-RMW.

The motion relies on 28 U.S.C. § 455(b)(1)(2)(3)(4) and (5). In the body of the motion as well as in Bolin's supporting declaration under penalty of perjury, he claims that the undersigned is named as a defendant in his submissions.

Bolin's primary complaint is that the undersigned is not adjudicating his claims about the California illegal capital case litigation process. He alleges the undersigned has denied him access to the Court and committed fraud by not ruling on properly submitted and justiciable documents. The undersigned also is charged with aiding and abetting state government agents in violating his federal constitutional rights. He provides three examples.

1. The ruling of the undersigned on Bolin's 2012 § 1983 action (case number 1:12-cv-00077-LJO-GSA) stating (in Bolin's words) that the Court has "no Jurisdiction over State Courts Rulings."[1]

2. The refusal of the undersigned to file Bolin's submissions in the case number 1:99-cv-5279 and then returning those submissions to his appointed counsel for them to give him.

3. The "order" of the undersigned in the present case that the action didn't exist together with the refusal of the undersigned to accept submissions for filing.[2]

## IV. Analysis

The grounds Bolin advances for disqualification, as provided in 28 U.S.C. § 455, are inapplicable. Subsection (a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Subsection (b) provides that a United States jurist also shall disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceedings;
>
> (2) Where in private practice he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

---

[1] There is no such statement in either the Magistrate Judge's July 18, 2012 Findings and Recommendations or the August 23, 2012 order adopting the Findings and Recommendations. The Findings and Recommendations found that Bolin's claims were barred under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 43-54 (1971) because there was at the time of that action a pending state habeas petition. The Findings and Recommendations further found that Bolin's ultimate challenge to his state capital conviction and sentence were barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994), because he had a remedy by proceeding in habeas corpus. Finally, the Findings and Recommendations determined that his allegations were insufficient to state a valid claim for relief under 42 U.S.C. §§ 1983 and 1985. In the order adopting the Findings and Recommendations, the undersigned registered the Court's agreement with the Magistrate Judge's conclusions, providing no independent analysis.

[2] As noted in the text above, the Northern District ordered transfer of the case to Fresno on February 22, 2013, but didn't actually transfer it until April 4, 2013, after personnel from this Court made an inquiry. In the interim Bolin did attempt to file some documents in this action, and since the Court had no official record of the case, those documents were returned to him. Bolin notes that his submissions were returned even though he provided the order from the Northern District transferring the case.

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:
    (i)  Is a party to the proceeding, or any officer, director, or trustee to a party;
    (ii)  Is acting as a lawyer in the proceeding;
    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Under this statute, the standard for evaluating recusal or disqualification is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations and internal quotation marks omitted). The United States Supreme Court has explained that judicial rulings alone almost never constitute a valid basis for a bias or impartiality motion, and almost invariably they are proper grounds for appeal, not recusal. *Liteky v. United States*, 543 U.S. 540, 555 (1994). Opinions formed by a judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

Bolin's offered basis for disqualification is that he has named the undersigned as a defendant in other actions and submissions. The Court has taken judicial notice of the D.C. District Court cases referenced in the petition. The docket for the D.C. District Court reveals that only one of the two cases, 1:09-cv-02316 UNA,[3] includes Bolin as a plaintiff (along with Shove, Brasure, and other named condemned inmates) and the undersigned as a defendant (along other California district judges from the Central, Northern, and Eastern Districts of California).[4] The D.C. District Court docket further reveals

---

[3] This is the current format for case numbering. It is the same case as CV-09-2316-UNA.

[4] The other referenced case number, CV-09-0656 RMW, is attached to an unrelated plaintiff concerning a different issue entirely.

that case number 1:09-cv-02316 UNA was dismissed on January 25, 2010 without prejudice. Reconsideration was denied on May 3, 2010 and a notice of appeal was filed on May 19, 2010. The plaintiffs' separate motions to proceed on appeal in forma pauperis were granted on July 29, 2010. The district court's orders of January 25, 2010 and May 3, 2010 were affirmed by the D.C. Court of Appeals on February 2, 2011 and the mandate was issued. The D.C. Court of Appeals denied plaintiffs' motion to reopen the appeal on February 10, 2012. After that date, there are no further entries on the docket.

Separately from this D.C. District Court case, Bolin has made the Court aware that he has registered a judicial complaint with the Ninth Circuit Court of Appeals about the undersigned. A copy of this complaint, which is dated April 9, 2013, was submitted to the Court on April 15, 2013. The complaint recounts many of the same wrongs alleged in the petition and motion for disqualification in the present case.

Since the D.C. District Court case no longer is pending and no other pending actions, excepting the Ninth Circuit judicial complaint, have been identified, the Court concludes that the judicial complaint is the only viable pending action against the undersigned. Even if there were more cases, however, Bolin cannot make an adequate showing of bias or prejudice under the applicable law.

There is no language in 28 U.S.C. § 455 mentioning disqualification because the presiding judge in a particular case is named by a party in that case as a defendant in a separate case. This omission is sensible. Otherwise, parties would be able to disqualify judges presiding over their cases indiscriminately. Nor does the controlling case law support Bolin's position. The fact that a judge rules in a case adversely to a party is not grounds for disqualification or recusal, in the same or even in a subsequent case, in the absence of "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 543 U.S. at 555.

While the Court understand that Bolin feels aggrieved by the state court procedures and frustrated that his grievances have not been addressed in a manner he believes appropriate, this does not change the fact he has not shown grounds for disqualification. His arguments and allegations fall far short of benchmark cited in *Liteky*.

**V.      Order**

In light of the foregoing reasons, Bolin's motion for disqualify the undersigned is denied. The Court will address the Bolin's motion to proceed in forma pauperis and the merits of his petition in a later order.

IT IS SO ORDERED.

Dated:   April 29, 2013

                                              /s/ Lawrence J. O'Neill
                                              Lawrence J. O'Neill
                                              United States District Judge