1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11 PAUL C. BOLIN ) Case No.: 1:13-cv-00498 LJO

12 Petitioner, ) ORDER  DISMISSING PRO SE PETITION,
) DIRECTING CLERK TO ENTER JUDGMENT,
13 v. ) AND DENYING A CERTIFICATE OF
) APPEALABILITY
14 KEVIN CHAPPELL, Warden of California )
State Prison at San Quentin, )
15 )
Respondent. )
16 )

17

18     Petitioner Paul C. Bolin ("Bolin") commenced this pro se action in the Northern District of

19 California on February 20, 2013.  An order transferring venue to this Court was entered on February

20 22, 2013, but the case files were not actually transferred (electronically) until April 4, 2013.  Bolin

21 also filed an application for leave to proceed *in forma pauperis* and a motion to disqualify the

22 undersigned from hearing his case. On April 29, 2013, the Court entered an order denying Bolin's

23 motion to disqualify the undersigned (Doc. 11).

24 **I.  The 1999 Habeas Action**

25     As more fully explained in that April 29, 2013 order, there also is another habeas corpus action

26 pending on Bolin's behalf in this Court, under case number 1:99-cv-5279 (the "1999 Habeas Action").

27 In the 1999 Habeas Action, Bolin is represented by Assistant Federal Defender Brian Abbington and

28

1

O2DismissPetn-BolProSe

1   CJA Attorney Robert D. Bacon.  The Court conducted an evidentiary hearing in that case on May 14,

2   2013 and matter continues to be actively litigated.

3   Notwithstanding the fact that exhaustion of Bolin's state remedies was completed in 2005,

4   beginning in June 2009, he began his submission of pro se documents in the 1999 Habeas Action.  The

5   complaints in these early documents were varied, from alleging prosecutorial misconduct against the

6   trial prosecutor for withholding exculpatory evidence and suborning perjury (June 2, 2009), to

7   decrying the process of exhausting state remedies because of the inherent delays in that process (June

8   24, 2009),[1] to notifying his appointed attorneys he was terminating their representation of him (July 8,

9   2009).  During this same time period, Bolin became interested in joining in litigation efforts initiated

10  by Theodore Shove, a co-condemned inmate, challenging the California death penalty process.[2]

11  In July of 2010, Bolin presented a document for filing showing that he, Mr. Shove, and seven other

12  condemned inmates were pursuing their complaints about the California Supreme Court procedures in

13  the District Court for the District of Columbia.  That document, captioned as a motion pursuant to

14  Federal Rule of Civil Procedure 60(b), was returned to Bolin with an accompanying order explaining

15  that the Court would not consider pro se submissions of represented petitioners.

16  In February and April 2012, Bolin further pursued his complaint about California Supreme Court

17  procedures.  He requested suspension of proceedings before the California Supreme Court so this

18  Court could review the state procedures (despite the fact that his case had passed from state habeas to

19  federal habeas in 2005).[3]  He also alleged a conflict of interest with his appointed attorneys because

20  they refused to raise his complaints about California Supreme Court procedures in the 1999 Habeas

21  Action.  In an order filed May 16, 2012, the Court denied Bolin's requests, specifically finding the

22  alleged conflict with his attorneys was not a bona fide conflict of interest (Doc. 264).

23

24

---

25  [1]  As noted, by the time Bolin raised this complaint, his exhaustion petition already had been resolved
    and the Court was guiding the case through substantive merits briefing.
26

27  [2]  Theodore Shove was sentenced to death by the Los Angeles Superior Court in 2008.  At the time he
    commenced his campaign against California Supreme Court procedures, his case was on direct appeal,
    where, according to the California Supreme Court website, it remains presently.
28

[3] There was nothing to suspend.

O2DismissPetn-BolProSe

**II.  The Civil Rights Action**

In January 2012, Bolin initiated a Civil Rights action pursuant to 42 U.S.C. § 1983 under case number 1:12-cv-0077.  Like Bolin's pro se submissions in the 1999 Habeas Action, in the Civil Rights action he complained of an illegal state capital review process, causing delays and depriving him of merits review of his substantive claims.  Agreeing with the findings and recommendations of the magistrate judge, the Court dismissed the Civil Rights complaint as conflicting with the principles of *Younger v. Harris*, 401 U.S. 37 (1971) and *Heck v. Humphrey*, 512 U.S. 477 (1994).  The next pro se filing was the within action in February 2013.

**III. Overview of the Pro Se Petition in the Present Case**

The substance of Bolin's pro se petition in this case is comprised largely of an excerpt from another document which mentions Mr. Shove and another condemned inmate, Spencer Brasure.  There also is a handwritten declaration over Bolin signature.  There are 12 discernible claims in the 54-page petition applicable to Bolin (nine of which also are applicable to other condemned inmates).  The claims specific to Bolin allege: the trial prosecutor committed prosecutorial misconduct by withholding exculpatory evidence and inducing prosecution witnesses to perjure themselves; ineffective assistance of trial counsel, Charles Soria, for failure to prepare the case, introduce exculpatory evidence, and examine witnesses; and incompetence of Mr. Soria's investigator, Bruce Binns, for his intoxication, failure to investigate, theft of Bolin's property, and overcharging the trial court for the tasks he did accomplish.  *ALL* of these allegations are included and addressed in the 1999 Habeas Action.

The claims universal to all California condemned inmates allege that the California litigation process for capital cases is illegal.  The petition alleges the problems with the California procedures have been "certified" by Ninth Circuit Court of Appeals Judge Arthur Alarcón as well as by two independent commissions studying the matter.  The state system is said to be illegal because of the excessive delays in adjudicating constitutional claims and because of the California Supreme Court's resort to procedure defaults, which in turn are claimed to limit federal review.

**IV. Discussion**

Habeas corpus is a limited remedy.  Section (d) of 28 U.S.C. § 2254 provides:

3

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

With respect to the claims alleging illegality of the California Supreme Court procedures in death penalty cases, Bolin is asking this Court to declare those procedures unconstitutional. There is, however, no United States Supreme Court precedent for such a ruling. In *Johnson v. Williams*, ___ U.S. ___, ___, 133 S.Ct. 1088, 1098 (2013), the high Court reiterated that habeas relief may not be granted "unless a state court fails to follow *Supreme Court* precedent." (Citing 28 U.S.C. § 2254(d)(1); emphasis in original.) Bolin's assertion that the allegations in his pro se petition state a prima facie case under 28 U.S.C. § 2241(c)(3) is mistaken. There is no United States Supreme Court recognized corrective process for an allegedly illegal state court death penalty procedure.

Nonetheless, the Court is not abandoning its obligation to address the merits of Bolin's cognizable claims, as presented in the 1999 Habeas Action. The Court already has conducted an evidentiary hearing on one of those claims and is prepared to undertake merits reviews of the remainder of the claims. Whether the claims are subject to a procedural default argument or not, the Court *will address and rule on the merits*. This is the ultimate relief Bolin seeks – substantive merits review of his constitutional claims.

Yet Bolin continues to paper the Court with pro se submissions which undermine the Court's ability to give him the remedy he seeks – substantive review on the merits. As stated in the April 29, 2013 order denying his motion to disqualify the undersigned, the Court understands that Bolin feels aggrieved by the state court procedures. But his present actions are counterproductive to securing the review he seeks.

The relief requested, that is to interfere with the state process, is not cognizable on federal habeas, and in any event this Court has no authority to intervene in state procedure. Only the United States

O2DismissPetn-BolProSe

1    Supreme Court has the authority to determine what state action (or inaction) constitutes a

2    constitutional violation.  It for this reason Bolin's petition must be dismissed.

3    **V.  Certificate of Appealability**

4        A certificate of appealability may issue only where the petitioner "has made a substantial showing

5    of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In *Slack v. McDaniel*, 529 U.S. 473

6    (2000), the high Court clarified that a certificate of appealability may issue under circumstances where

7    "reasonable jurists could debate whether . . . the petition should have been resolved in a different

8    manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Id*.

9    at 484.  In the present case, Bolin has not made a showing of the denial of a constitutional right.  Nor

10   could reasonable jurists debate whether his petition should have been granted or he deserved

11   encouragement to proceed further.

12   **VI.  Order**

13       Based on the foregoing analysis:

14           (1) Bolin's petition IS DISMISSED;

15           (2) Bolin's request for leave to proceed *in forma pauperis* and for further evidentiary

16               development ARE DENIED AS MOOT;

17           (3) The Clerk is directed to enter judgment consistent with this order; and

18           (4) A certificate of appealability pursuant to 28 U.S.C. § 2253 IS DENIED.

19

20       IT IS SO ORDERED.

21

22   Dated: <u>July 19, 2013</u>

23                                            /s/ Lawrence J. O'Neill
                                             Lawrence J. O'Neill
24                                           United States District Judge

25

26

27

28

5

O2DismissPetn-BolProSe